IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DP CREATIONS, LLC dba BOUNTIFUL BABY, a Utah limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>JIANG SU FANG AO GUO JI MAO YI YOU XIAN GONG SI dba FINEALLUS, an unknown Chinese business entity,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DISCOVERY AFTER CLERK'S ENTRY OF DEFAULT**<br><br>Case No. 2:23-cv-00312-RJS<br><br>Chief Judge Robert J. Shelby |

Now before the court is Plaintiff's Motion for Discovery After Clerk's Entry of Default.[1] For the reasons provided below, the Motion for Discovery is granted.

### BACKGROUND & PROCEDURAL HISTORY

DP Creations, LLC dba Bountiful Baby (Bountiful Baby) sells kits and supplies for making reborn dolls.[2] It owns copyrights to protect its work.[3] On May 11, 2023, Bountiful Baby initiated this action, alleging Defendant sold unauthorized copies of Bountiful Baby's protected work on Amazon.[4]

Bountiful Baby filed a Motion for Alternative Service,[5] which the court granted,[6] and a

---

[1] ECF 11 (*Motion*).

[2] ECF 3 (*Complaint*) ¶ 2.

[3] *Id.* ¶ 11.

[4] *Id.* ¶¶ 12–17.

[5] ECF 5.

[6] ECF 6.

1

summons was issued to Defendant on June 20, 2023.[7]  On July 10, 2023, Bountiful Baby filed a Declaration of Proof of Service, demonstrating it had complied with the court's Order concerning alternative service.[8]

After service of process, Defendant failed to file a responsive pleading or otherwise defend the matter, and the Clerk of Court entered a Default Certificate on August 3.[9]  Bountiful Baby then filed the Motion for Discovery, requesting "leave to conduct limited damages discovery."[10]

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure governs discovery in civil actions. Under Rule 26, parties "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."[11]  There are exceptions to this rule, including when a court order permits discovery before the Rule 26(f) conference.[12]  District courts have "broad discretion over the control of discovery."[13]

## ANALYSIS

Because Defendant has defaulted and not responded, the parties have not had a Rule 26(f) conference.  Accordingly, Bountiful Baby requests a court order permitting it to conduct limited damages discovery, even though the parties have not conferred.[14]  Courts in this district and

---

[7] ECF 7.

[8] ECF 8.

[9] ECF 10.

[10] *Motion* at 5.

[11] Fed. R. Civ. P. 26(d)(1).

[12] *Id.*

[13] *SEC v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotation simplified).

[14] ECF 11 at 5.

others have granted requests like Bountiful Baby's, recognizing that doing so "serves judicial economy by allowing" the plaintiff "to be accurate in its" damages calculation.[15]  Moreover, because Defendant has not responded, the court perceives no benefit to waiting for a Rule 26(f) conference that likely will not occur.  The court will thus exercise its discretion to permit limited discovery before a Rule 26(f) conference.[16]

## CONCLUSION

For the reasons stated, the Motion for Discovery[17] is GRANTED.  Bountiful Baby may conduct discovery limited to the existence and amount of damages for its cause of action.

SO ORDERED this 16th of August 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[15] *Neck Hammock, Inc. v. Bianli Zhang*, No. 2:19-cv-00506-DAK-DBP, 2020 WL 1433857, at *1 (D. Utah Mar. 24, 2020); *see also Zero Down Supply Chain Sols., Inc. v. Glob. Transp. Sols., Inc.*, No. 2:07-cv-00400-TC-DBP, 2012 WL 4925368 (D. Utah Oct. 16, 2012) (permitting defendants who defaulted to conduct limited discovery concerning the amount of damages the plaintiff claimed); *Alstom Power, Inc. v. Graham*, No. 3:15-cv-174, 2016 WL 354754, at *2–3 (E.D. Va. Jan. 27, 2016) (permitting limited discovery after clerk entered default because the defendant's "lack of response in this case has 'halted' the adversary process").

[16] *See* Fed. R. Civ. P. 26(d)(1).

[17] ECF 11.