IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DP CREATIONS, LLC dba BOUNTIFUL BABY, a Utah limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>JIANG SU FANG AO GUO JI MAO YI YOU XIAN GONG SI dba FINEALLUS, an unknown Chinese business entity,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:23-cv-00312-RJS-DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff DP Creations, LLC dba Bountiful Baby (Bountiful Baby)'s Motion for Default Judgment against Defendant Jiang Su Fang Ao Guo Ji Mao Yi You Xian Gong Si dba Fineallus.[1]  In addition to requesting default judgment under Federal Rule of Civil Procedure 55(b)(2), Bountiful Baby seeks an award of statutory damages under 17 U.S.C. § 504, injunctive relief under 17 U.S.C. § 502, and attorneys' fees under 17 U.S.C. § 505.[2]  For the reasons explained below, the court GRANTS Bountiful Baby's Motion.

## BACKGROUND

Bountiful Baby sells kits and supplies for making realistic dolls, and it owns copyrights to protect its work.[3]  On May 11, 2023, Bountiful Baby initiated this action, asserting one claim for copyright infringement under the Copyright Act, 17 U.S.C. § 106.[4]  In particular, Bountiful

---

[1] Dkt. 14, *Plaintiff's Motion for Default Judgment* (*Motion*).

[2] *Id.* at 9–18.

[3] *See* Dkt. 3, *Verified Complaint for Copyright Infringement* (*Complaint*) ¶¶ 1–2, 11.

[4] *See id.* ¶¶ 13–21.

1

Baby alleges Defendant is a Chinese business entity that makes unauthorized copies of its work and sells them on Amazon without permission.[5]  When it became aware of the infringement, Bountiful Baby submitted a Notice of Infringement to Amazon.[6]  Defendant responded by submitting a Counter-Notification to Amazon,[7] which included the following statement: "I am located outside of the United States and I consent to the jurisdiction of any judicial district in which Amazon may be found."[8]

This court granted Bountiful Baby's Motion for Alternative Service on June 14, 2023.[9] Bountiful Baby then filed a return of service with the court on July 10, 2023.[10]  When Defendant failed to answer the allegations against it, Bountiful Baby filed a Motion for Entry of Default,[11] which the Clerk of Court entered on August 3, 2023.[12]  On December 27, 2024, Bountiful Baby filed the Motion now before the court, in which it seeks (1) default judgment against Defendant, (2) an award of $150,000.00 in statutory damages, (3) attorneys' fees, and (4) a permanent injunction enjoining Defendant from continuing its infringement.[13]  To date, Defendant has failed to acknowledge or respond to Bountiful Baby's filings.

---

[5] *Id.* ¶ 3.

[6] Dkt. 15, *Declaration of Nevin Pratt in Support of Motion for Default Judgment and Permanent Injunction* (*Pratt Declaration*) ¶ 16; *see also* Dkt. 3-5, Exhibit E (*Counter-Notification*).

[7] *See Counter-Notification.*

[8] *Id.*

[9] Dkt. 6, *Order Granting Motion for Alternative Service Under Rule 4(f)(3).*

[10] Dkt. 8, *Declaration of Proof of Service.*

[11] Dkt. 9, *Motion for Entry of Default.*

[12] Dkt. 10, *Clerk's Entry of Default Certificate.*

[13] *Motion* at 18–19.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment against a defaulting party.[14]  First, the Clerk of Court enters a default against a party that "has failed to plead or otherwise defend" against claims for affirmative relief.[15]  Second, where the non-defaulting plaintiff seeks default judgment for an amount other than a "sum certain or a sum that can be made certain by computation,"[16] the plaintiff must then "apply to the court for a default judgment."[17]

Although "the entry of a default judgment is committed to the sound discretion of the district court,"[18] the court must take two steps before granting default judgment.  First, the court has an affirmative duty to "assess [its] subject matter jurisdiction and personal jurisdiction before granting default judgment."[19]  Second, the court must consider whether the plaintiff's well-pleaded allegations of fact, deemed admitted by the defendant's default,[20] provide a sufficient basis for the requested judgment.[21]  In evaluating the sufficiency of the pleadings, "[t]he court may consider declarations and other exhibits . . . ."[22]

---

[14] *See* Fed. R. Civ. P. 55; *DP Creations, LLC v. Reborn Baby Mart*, No. 2:21-CV-00574-JNP, 2022 WL 3108232, at *2 (D. Utah Aug. 3, 2022).

[15] Fed. R. Civ. P. 55(b)(1).

[16] *Id.*

[17] Fed. R. Civ. P. 55(b)(2).

[18] *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).

[19] *Morris v. Khadr*, 415 F. Supp. 2d 1323, 1330 (D. Utah 2006) (citation omitted); *see also Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) ("A judgment is void when a court enters it lacking subject matter jurisdiction or jurisdiction over the parties.") (citation omitted).

[20] *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

[21] *See Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)) ("There must be a sufficient basis in the pleadings for the judgment entered.").

[22] *Reborn Baby Mart*, 2022 WL 3108232, at *2 (citing *Major Bob Music v. S. Shore Sports Bar & Grill, Inc.*, No. 2:08-cv-689, 2010 WL 2653330, at *1 (D. Utah June 30, 2010)).

## ANALYSIS

Here, as noted above, Bountiful Baby has already obtained an entry of default by the Clerk of Court.[23]  Accordingly, the court first considers its jurisdiction.  It then turns to evaluating whether the allegations set out by Bountiful Baby's Complaint and the accompanying exhibits provide a basis for default judgment.  The court then assesses whether to grant the additional relief sought by Bountiful Baby.

### I.    Jurisdiction

The court has federal question jurisdiction over the action because Bountiful Baby's claim arises under the Copyright Act, 17 U.S.C. § 501.[24]  And the court finds Defendant consented to personal jurisdiction in Utah when it submitted its Counter-Notification to Amazon under 17 U.S.C. § 512.  It did so by expressly "consent[ing] to the jurisdiction of any judicial district in which Amazon may be found."[25]  The court has therefore satisfied its duty to assess both subject matter and personal jurisdiction, and it can proceed to evaluating the sufficiency of Bountiful Baby's copyright infringement claim.

### II.    Copyright Infringement

"To state a claim for copyright infringement, a plaintiff must show '(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original.'"[26]  Bountiful Baby has met both requirements.  First, it has established ownership of U.S. Copyright

---

[23] *See Motion for Entry of Default*; *Clerk's Entry of Default Certificate*.

[24] *See Complaint* ¶ 7; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

[25] *Counter-Notification*.  *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703–04 (1982) (holding parties may consent to personal jurisdiction); *DP Creations, LLC v. Adolly.com*, No. 23-4126, 2024 WL 4491924, at *5–6 (10th Cir. Oct. 15, 2024) (holding Amazon "may be found" in Utah).

[26] *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299 (10th Cir. 2014) (internal quotation marks omitted) (quoting *TransWestern Publ'g Co. v. Multimedia Mktg. Assocs.*, 133 F.3d 773, 775 (10th Cir. 1998)).

Registration No. VA 2-255-282, the "Darren Sleeping Head."[27]  Second, it has shown that

Defendants copied the Darren Sleeping Head and attempted to sell it on Amazon.[28]

Accordingly, Bountiful Baby has stated a claim for copyright infringement.[29]

### III.    Statutory Damages

Although the threshold requirements for default judgment are satisfied, "[d]efault

judgment . . . cannot be entered until the amount of damages has been ascertained."[30]  The court

relies on a seven-factor test to determine the appropriate award under the Copyright Act:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff;
> (3) the value of the [copyright]; (4) the deterrent effect on others besides the
> defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether
> a defendant has cooperated in providing particular records from which to assess the
> value of the infringing material produced; and (7) the potential for discouraging the
> defendant.[31]

The court must further ensure its award is "supported by actual proof" when evaluating a

plaintiff's damages request.[32]  To that end, while the court may hold a hearing under Federal

Rule of Civil Procedure 55 to facilitate its damages determination, it need not do so if "the

---

[27] *See Complaint* ¶ 11; Dkt. 3-1, Exhibit A, *Certificate of Registration*.

[28] *See Complaint* ¶¶ 6, 12, 15–16; Dkt. 3-4, Exhibit D.

[29] *See DP Creations, LLC v. Li*, No. 2:22-cv-00337-TC, 2022 WL 17620388, at *2 (D. Utah Dec. 13, 2022) ("Both elements are present where a Defendant made and distributed exact copies of a registered copyrighted work.").

[30] *Stampin' Up!, Inc. v. Hurst*, No. 2:16-cv-00886-CW, 2018 WL 2018066, at *6 (D. Utah May 1, 2018) (quoting *Lopez v. Highmark Constr., LLP*, No. 17-CV-01068-CMA-MLC, 2018 WL 1535506, at *3 (D. Colo. Mar. 29, 2018)).

[31] *Klein-Becker USA, LLC v. Englert*, No. 2:06-CV-378 TS, 2011 WL 147893, at *14 (D. Utah Jan. 18, 2011) (alteration in original), *aff'd*, 711 F.3d 1153 (10th Cir. 2013).

[32] *See Stampin' Up!*, 2018 WL 2018066, at *6 (quoting *Lopez*, 2018 WL 1535506, at *3) ("One of the main reasons for this requirement is to prevent plaintiffs who obtain default judgments from receiving more in damages than is supported by actual proof."); *see also OTO Software, Inc. v. Highwall Techs., LLC*, No. 08-CV-01897-PAB-CBS, 2011 WL 3236049, at *5 (D. Colo. July 5, 2011) (citation omitted) ("In order to fulfill its obligation to ensure that damages are appropriately awarded, the court must do more than merely accept at face value the movant's statement of damages.").

amount claimed is a liquidated sum or one capable of mathematical calculation."[33]  An award of statutory damages under the Copyright Act does not require a hearing.[34]

Bountiful Baby seeks an award of statutory damages under the Copyright Act.[35]  In relevant part, the statute provides that a "copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages . . . in a sum of not less than $750 or more than $30,000 as the court considers just."[36]  However, where copyright infringement is "committed willfully," the court "may increase the award of statutory damages to a sum of not more than $150,000."[37]

Bountiful Baby alleges Defendant engaged in one instance of willful infringement and seeks the maximum award of $150,000.00.[38]  As a threshold matter, the court finds Bountiful Baby has provided ample evidence to support a finding that Defendant engaged in willful infringement.[39]  It also thoroughly addresses in its Motion each of the seven factors the court must consider when determining the appropriate award.[40]  The court agrees the factors support a maximum award against Defendant.  Most compelling is that Defendant saved millions of dollars in development costs by copying Bountiful Baby's copyrighted work, submitted the blatantly false Counter-Notification, and refused to cooperate in providing records to Bountiful Baby.

---

[33] *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011) (quoting *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)).

[34] *See Malluk v. Berkeley Highlands Prods., LLC*, 611 F. Supp. 3d 1134, 1138 (D. Colo. 2020) (citation omitted) (finding a hearing to ascertain damages under Rule 55 unnecessary because "the submission of affidavits or other proper documentary evidence" was sufficient to create a record in a Copyright Act case).

[35] *See Motion* at 9–15.

[36] 17 U.S.C. § 504(c)(1).

[37] 17 U.S.C. § 504(c)(2).

[38] *See Complaint* ¶¶ 17–18, 20; *Motion* at 11–13.

[39] *See Motion* at 15 n.52 (first citing *Complaint* ¶ 18; and then citing Exhibit E) (arguing Defendant submitted the false Counter-Notification for the purpose of maintaining the infringing listing on Amazon).

[40] *See id.* at 13–15.

Indeed, the court finds a maximum award necessary to discourage Defendant from engaging in this behavior and to deter others from doing so as well.  The court therefore awards Bountiful Baby $150,000.00 in statutory damages from Defendant.

## IV.    Attorneys' Fees

The court may award reasonable attorneys' fees and costs to the prevailing party in a Copyright Act action.[41]  Bountiful Baby seeks $8,362.75 in fees and costs,[42] a request for which it submitted a Declaration and additional exhibits in support.[43]  The submission includes evidence regarding who billed for work done on the case and those individuals' qualifications.[44] Importantly, the Declaration states the attorney on the case billed 11.6 hours at a rate of $525/hour and the paralegal on the case billed 6.8 hours at a rate of $325/hour.[45]  While the Declaration argues both rates are reasonable given the individuals' experience and the complexity of the case,[46] the court finds the paralegal's requested rate is excessive.  It therefore lowers the paralegal's rate to $225/hour for the purpose of calculating the appropriate award but finds reasonable the attorney's requested fee and additional requested costs for service of process and filing the Complaint.  After recalculating the fees and costs, the court finds an award of $7,682.75 reasonable under the circumstances.[47]

---

[41] 17 U.S.C. § 505.

[42] *Motion* at 16.

[43] Dkt. 16, *Declaration of Brian N. Platt in Support of Claim for Attorneys' Fees* (*Platt Declaration*).

[44] *See id.*

[45] *Id.* at 2.

[46] *Id.* at 3–4.

[47] The court also includes in its calculation the discounts reflected in the billing records attached to the Declaration. *See* Dkt. 16-1.

## V.    Injunctive Relief

Bountiful Baby also seeks "a permanent injunction against further acts of infringement."[48]  The Copyright Act authorizes a court to grant such an injunction as reasonably needed "to prevent or restrain infringement of a copyright."[49]  To obtain an injunction, the plaintiff must first demonstrate:

> (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.[50]

Notably, the plaintiff "must establish all four elements, and the [c]ourt does not apply any presumption in [a plaintiff's] favor on any of these . . . requirements."[51]

The court finds Bountiful Baby has established each of these elements.  It has shown success on the merits by demonstrating Defendant willfully infringed on its copyrighted work.  And it has established irreparable harm by pointing to the loss of customers, loss of market share, and harm to its reputation it suffers from counterfeiting.[52]  The balance of harms weighs forcefully in Bountiful Baby's favor "because a copyright infringer 'has no cognizable interest in continuing to infringe [a plaintiff's] copyrights and thus cannot complain of the harm it will suffer if ordered to cease doing so.'"[53]  And the final factor supports the issuance of an

---

[48] *Motion* at 11.

[49] 17 U.S.C. § 502(a).

[50] *Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1191 (10th Cir. 2009) (citation omitted).

[51] *Shumaker v. Burgess Servs., LLC*, No. 21-cv-2291-WJM-MEH, 2022 WL 4104272, at *4 (D. Colo. Sept. 8, 2022) (citing *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016)).

[52] *Motion* at 17 (citing Pratt Declaration).

[53] *Cmty. Television of Utah, LLC v. Aereo, Inc.*, 997 F. Supp. 2d 1191, 1204 (D. Utah 2014) (quoting *Fox Television Stations, Inc. v. FilmOn X LLC*, 966 F. Supp. 2d 30, 51 (D.D.C. 2013)).

injunction because the public interest is served by enforcing copyright protections and preventing copyright misappropriation.[54]

Accordingly, the court finds Bountiful Baby is entitled to a permanent injunction.

## CONCLUSION

For the foregoing reasons, the court GRANTS Bountiful Baby's Motion[55] and orders as follows:

(1) Bountiful Baby's Motion for Default Judgment against Defendant is GRANTED.

(2) Bountiful Baby's request for $150,000.00 in statutory damages is GRANTED.

(3) Bountiful Baby's request for attorneys' fees is GRANTED IN PART.  It is entitled to an award of $7,682.75.

(4) Bountiful Baby's request for a permanent injunction is GRANTED.

SO ORDERED this 17th day of April 2025.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[54] *See, e.g., Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993), *overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011).

[55] Dkt. 14.